**Adolph VESTERGAARD and Esther Vestergaard, Appellees,**

v.

**Walter A. LAWSON and Alice Marie Lawson, Appellants.**

**No. 53847.**

Supreme Court of Iowa.

April 7, 1970.

Stephen F. Avery, of Cornwall, Avery & Berg, Spencer, for appellants.

R. D. Bertell, of James, Greer, Nelson & Bertell, Spencer, for appellees.

MOORE, Chief Justice.

This action in equity between adjoining lot owners involves a controversy over the size of plaintiffs' Lot 3, Block 32 of the Plat of Meneyata Park, Town of Wahpeton, Dickinson County, Iowa. The trial court entered a decree establishing the lot size as claimed by plaintiffs and enjoined defendants from interfering with plaintiffs' use thereof. Defendants have appealed. The questions presented are primarily factual. We affirm.

For clarity we set out the pertinent portion of the Plat of Meneyata Park as shown by exhibit A.

The Plat of Meneyata Park was filed June 29, 1922 in the Dickinson County Recorder's office. It sets out the statement "one inch equals forty feet". The dimensions of Lots 1, 2, 4, 5 and 6 in Block 32 are clearly marked as 50 feet wide and 100 feet deep. The dimensions of Lot 3, an irregularly shaped lot because of a bend in the street, are not shown on the plat. A cursory glance at the plat reveals it is much wider than the other lots.

Plaintiff Adolph Vestergaard acquired Lots 3 and 4 after the death of his father in 1961. His father had owned the lots since 1931 and had constructed a shop building on Lot 3 in 1938.

On July 20, 1961 the Plat of Ebersole's Canals which had been prepared by Furman Engineering Company was filed for record. Exhibit B is a drawing thereof. Ebersole's Canals lies adjacent to the south boundary line of Block 32 of Meneyata Park.

Platting of Ebersole's Canals was not a resurvey or replatting of Meneyata Park. It did however include a drawing of Block 32. It showed Lots 1, 2, 4, 5 and 6 as each 50 feet wide and 100 feet deep. It showed the

north line of Lot 3 as 28.68 feet from the west line to the bend and 21.62 feet therefrom to the east line. The south line was shown as 18.5 feet from the west line to the bend and 11.54 feet therefrom to the east line. Plaintiffs were given no notice of the Plat of Ebersole's Canals.

On July 21, 1963 defendant Walter R. Lawson acquired Lots 5 and 6, Block 32, Meneyata Park, along with an unplatted tract of land lying immediately east of Lot 6. He testified he made this purchase after observing the Plat of Ebersole's Canals at the Dickinson County Recorder's office. He made no inspection of the Plat of Meneyata Park or for markers, monuments or ground pins. The dimensions of the unplatted area are not shown except exhibit B indicates it is over 100 feet wide. East thereof is a canal leading to West Okoboji Lake.

On November 2, 1964 the Plat of First Addition to Ebersole's Canals (exhibit C) was filed of record. This land lies to the west of the Plat of Ebersole's Canals. It was also prepared and filed by Furman Engineering Company. It too showed a drawing of Block 32, Meneyata Park which differed from that included in the Plat of Ebersole's Canals in that the north line of Lot 3 of Meneyata Park was shown to be 26.68 plus 48 feet wide and the south line to be 18.5 plus 38 feet wide.

Soon after acquiring Lots 5 and 6 defendants built a house thereon where they resided. Thereafter defendants insisted plaintiffs were mowing and using approximately 26 feet of defendants' land along the west side of Lot 5. Plaintiffs did not agree and asserted they were only maintaining their property to the correct location of the east line of Lot 4. In other words defendants' claim then and now is that the correct dimensions of plaintiffs' Lot 3 are 50.30 feet along the north line and 30.04 feet along the south line. Plaintiffs' claim, with which the trial court agreed, is that Lot 3 is approximately 26 feet wider than asserted by defendants. With the width of

Lots 4, 5 and 6 admittedly being 50 feet each the determination of the dispute resultantly fixes the correct location of the east line of defendants' Lot 6.

This lawsuit followed defendants' ordering plaintiffs off the disputed strip and defendants' filing of an affidavit under the provisions of Code section 558.8 in the recorder's office asserting their contentions.

Plaintiff Adolph Vestergaard testified his father acquired Lot 3 in 1931, he built a shop building 26 x 40 feet on Lot 3 in 1938, he purchased Lot 4 in 1958 from a Mr. Mikesh and there was never any discussion or controversy between his father and Mr. Mikesh regarding the construction and location of the shop building. Plaintiff further testified that if Lot 3 were of the dimensions claimed by defendants then part of the shop building would be on Lot 4.

Plaintiff stated no stakes were driven in regard to the east boundary line of Lot 3 or 4 but after the controversy arose there had been a series of stakes appearing on the disputed territory. He drove some fence posts after the engineers had been there to indicate where plaintiff thought the line should be and defendant Mr. Lawson put in some stakes to indicate where Lawson thought the line should be.

The drawing of Ebersole's Canals, exhibit B, shows ground pins at the southwest corner of Lot 1, at the bend in the south line of Lot 3, at the southeast corner of Lot 6 and 112.28 feet east thereof.

Defendants' witness, Dickinson County Engineer, Ken Westergaard, age 39, testified he made a survey for defendants on July 29, 1968 and observed the location of stakes or ground pins. He stated he had no personal knowledge of when all the pins were placed or by whom or for what reason. He presumed they were probably set there under the supervision of Mr. Furman. He was unable to state where Furman obtained the dimensions of Lot 3 as shown on the Plat of Ebersole's Canals.

Mr. Westergaard's cross-examination includes:

"Q. Now, when you have a survey and it has a scale, and say one inch equals some feet, would that be a fairly good indication of the actual measurements of that particular plat? A. Yes.

"Q. I hand you now what has been previously marked and has been stipulated to be a copy of the Meneyata Park division and as previously stipulated and agreed to, Lot 3 has no dimensions but it does have— excuse me, this is 1; now based upon this particular drawing and also the notations in the upper right hand corner, would you be able to give us a dimension for Lot 3? A. Yes, based on the scale distance by measuring it.

"Q. Have you had occasion recently to make a determination? A. No.

"Q. Would you have any device with you right now whereby you could possibly make that determination? A. Yes; I would say to the angle point on the north line would be about 29 feet; beyond the angle point would be 48 feet; on the south line of Lot 3, about 34 feet to the angle point; and about 22 feet to the east lot line."

Based primarily on the actual measurement of Lot 3 as shown on the Plat of Meneyata Park the trial court entered a decree establishing Lot 3 to be 77 feet across the front or north line and 56 feet across the rear or south line. This results in fixing the boundaries of Lots 4, 5 and 6 approximately 26 feet farther east than claimed by defendants.

I. Our review of this equity action is de novo. Rule 334, Rules of Civil Procedure. In equity cases, especially when considering the credibility of witnesses, we give weight to the fact findings of the trial court but are not bound by them. Rule 344(f) 7, R.C.P.

II. The trial court found the ground pins located by the county engineer coincided with dimensions shown on the Plat of Ebersole's Canals and they were erroneously placed by the same engineering firm which later prepared the Plat of the First Addition to Ebersole's Canals in which the measurements of Lot 3 were corrected. In other words the trial court found location of the pins of no value as markers or monuments bearing on the questions here presented. Our review of the record leads us to the same conclusion.

The trial court found the shop building was built in 1958 on Lot 3 but following that finding also stated it had been found the shop building was sitting partly on Lot 4. The latter statement is not borne out by the record. It is undisputed however that if defendants' dimensions are accepted then the shop building would be sitting partly on Lot 4.

III. Plaintiffs' claim that the disputed boundaries had been established by acquiescence of the parties and their grantors is not supported by the record. Estoppel or the doctrine of adverse possession is not pleaded by either party.

The facts in Ross v. Myerly, 237 Iowa 1126, 24 N.W.2d 577, are similar to those in the case at bar. We there held that where the line claimed by plaintiff was not shown on the original plat and no stake or monument marked such line on the ground, and the original plat stands unimpeached, the boundary lines shown therein are correct notwithstanding differences in subsequent surveys.

In Quade v. Pillard, 135 Iowa 359, 363, 112 N.W. 646, 647, we say: "When a recorded plat is referred to in a deed as related to the matter of description, unless controlled by other facts or circumstances, such plat is to be considered as furnishing a true description of the property to be conveyed. (Citations)."

This general principle is stated in 12 Am. Jur.2d, Boundaries, section 76, page 613; "If no survey has been made or lines drawn with reference to monuments, the length of line given on a plan, measured accurately according to the scale upon which the plan is drawn, may be resorted to in determining

the true location of the boundaries of the lots."

Defendants bought Lots 5 and 6 in the Meneyata Park. Mr. Lawson erred in looking only at the drawing attached to the Plat of Ebersole's Canals. That drawing was incorrect and not a part of the Plat of Meneyata Park.

■ Our review of the record leads us to conclude the original Plat of Meneyata Park is the governing plat for determination of the boundary line dispute here involved. The trial court was correct in adopting the measurement made by the county engineer.

We have considered defendants' several assigned propositions and find no basis for a reversal of the trial court's decree and judgment.

Affirmed.

All Justices concur, except UHLEN-HOPP, J., who takes no part.